Dear Mayor Mayo:
You have requested an opinion from this office regarding the application of the Monroe City Charter relative to the upcoming 2012 municipal elections which include new council districts established by the city pursuant to a redistricting plan submitted to the United State Department of Justice ("USDOJ"). You have provided pertinent parts of the Home Rule for the City of Monroe to assist in answering the questions, which are:
 1) Should the Monroe City Council elections be rescheduled for November, 2012 if the redistricting plan has not been approved by the Monroe City Council at least six months prior to the scheduled March 2012 elections as required by the City Charter, even though the Secretary of State received a preclearance letter from the US Department of Justice in time to place the election on the ballot; and
 2) Should the mayor's election be held during the scheduled March 2012 election if the council elections are rescheduled to November 2012, even though the charter requires the mayor to be elected "concurrent" with that of the council?
Monroe is governed by a Home Rule Charter ("Charter") adopted after 1974, therefore guidance is found in Article VI § 5 of the Constitution of the State of Louisiana of 1974, which states: *Page 2 
 A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
Therefore, it is proper for the Charter to provide for election-and voting-related procedures which are not denied by general law or inconsistent with the constitution.
Article II of the Charter pertains to the City Council. Section 2-02 is entitled Changes in District Boundaries;Reapportionment. Paragraph C notes:
 Not later than one (1) year following official publication of each federal census by the United States Bureau of the Census for the area covered by the City and at least six (6) months prior to the next election for council members, the council by ordinance shall alter, change or rearrange council district boundaries so as to provide for population equality among the districts in compliance with the constitutional requirements of equal representation. Council districts shall be compact to the extent possible and be composed of contiguous territory.
Section 2-01, is entitled Composition, Qualifications andElections and Paragraph F, notes:
 Elections shall be held in accordance with the election laws of the state.
Pursuant to the foregoing Charter and Louisiana state law provisions, the elections for city council may not be held until at least six months after adoption by the City of an ordinance which alters, changes, or rearranges the council district boundaries so as to provide for population equality among the districts as shown by the most recent federal census.
We also note that Louisiana is subject to the Voting Rights Act of 1965, which means that any election change must first receive preclearance from the United States Department of Justice ("USDOJ") before it can have the effect of law. Therefore, not only must the council alter, change, or rearrange council boundaries at least six (6) months prior to next election for council members, but the plan must also be submitted to, and precleared by, the USDOJ in order for there to be a valid election. The USDOJ has sixty (60) days from submittal to review a plan and has the right to request additional information before providing *Page 3 
a response.
It is our understanding that the city was still attempting to gather federal census data in July of 2011, and that, after initial review and assessment, some consideration was given to a formal challenge to the population numbers. As such, it became obvious that it would be unrealistic and impractical for the council to examine the data for deviations in districts, work with North Delta Planning and Development[1] to redraw a redistricting plan for the districts, approve an ordinance, submit the plan to the USDOJ, and receive a preclearance letter back by the September 24, 2011 deadline imposed by the Charter in order to conduct a city council election on March 24, 2012.
The Charter governs the provisions of an election and, as stated in Section 2-01, elections shall be held in accordance with the elections laws of the state. Therefore, consistent with La.R.S. 18:402, the elections must be conducted on one of the election dates designated by the secretary of state. In 2012, those dates are March 24 for a Municipal Primary and April 21 for a Municipal General Election or November 6 for the Open Primary and December 1 for the General Election.[2]
It is the opinion of this office that, based on the facts and circumstances presented, it appears that it was unrealistic and impractical for the city to meet prerequisites of USDOJ preclearance and timely council adoption of the required ordinance to meet the September 24, 2011 deadline to conduct a March 24, 2012 city council election and therefore the city should schedule the city council elections on the next available election date provided by R.S. 18:402, which is November 6, 2012, for the Primary Election and December 1, 2012 for the General/Run-Off Election, if necessary.
We also note that La.Const. Art. XIV § 15 and La.R.S. 42:2 provide that an elected official shall remain in office until a successor is named. Therefore, the current council members will remain in office until the November 6, 2012 elections; however, their terms will still remain for four (4) years and the council members elected in November, 2012 will be up for reelection on the regularly scheduled municipal election date in 2016. *Page 4 
Your second question asks whether the mayoral election may be conducted on March 24, 2012 without the council elections, even though your Charter states that the mayor shall be elected for a four (4) year term concurrent with that of the council.
Section 3-02 of the Charter states:
 The mayor shall be elected at large by the qualified votes of the City according to the election laws of the state for a four (4) year term concurrent with that of the council and shall be eligible for reelection.
The Charter reference to a "four (4) year term concurrent with that of the council" means that the council and mayor are not elected on staggered terms but that the term of office runs concurrently with each other notwithstanding a later or different election date. This occurrence does not render the election results null and void merely due to the fact that they do not happen to be on the same ballot. There are many instances where these elections are not held concurrently, the latest of which was in 2009.
On December 15, 2008, the City of Gretna submitted an annexation and reapportionment plan to the USDOJ for preclearance under Section 5 of the Voting Rights Act. Qualifying for the regularly scheduled Gretna municipal elections was set for February 11, 2009, with the Primary Election to be held on April 4, 2009, and the General Election scheduled for May 2, 2009. Gretna had yet to receive preclearance from USDOJ on their submission and the Secretary of State ("SoS") ordered the elections postponed pending USDOJ approval. On February 6, 2009, Gretna filed suit against the SoS requesting that the SoS place the election on the April 4, 2009 ballot.
On February 10, 2009, 24th Judicial District Court Judge June Darensburg rendered a judgment enjoining the election for Council Districts 1-4 until Gretna received USDOJ approval of the reapportionment plan. She ordered the elections for Mayor, Chief of Police, and Council Member at-large to go forward as scheduled, since none of these races were affected by boundary line changes.
Accordingly, it is also the opinion of this office that the mayoral election may be held at a different time than that of the council as long as neither election prevents the terms of office of the mayor and council from maintaining concurrent four (4) year terms. *Page 5 
Should the election for council members take place November 6, 2012, rather than March 24, 2012, when the mayoral election takes place, then the result will be that the elected council members will have a term of less than four years since the terms of office of both the council and mayor must run concurrently pursuant to the terms of the city Charter.
We trust this answers your questions,
 Yours very truly, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________
 WILLIAM P. BRYAN, III Assistant Attorney General
 JDC/WPB, lll/jv
[1] North Delta Regional Planning Development District, Inc., is one of eight regional planning and development districts created by the Louisiana Legislature to assist parishes, including police juries and municipalities with planning and development, which includes redistricting boundaries of political subdivisions.
[2] http://sos.louisiana.gov/